**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **JANE DOE 1,** | ) | |
| | ) | |
| **JANE DOE 2,** | ) | **Case No. 7:22-cv-00163** |
| | ) | |
| **JANE DOE 3,** | ) | |
| | ) | |
| **JANE DOE 4,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JANE DOE 5,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ROANOKE COUNTY SCHOOL** | ) | |
| **BOARD,** | ) | |
| | ) | |
| **DR. DANIEL LYONS,** | ) | |
| | ) | |
| **DOMINICK MCKEE,** | ) | |
| | ) | |
| **JASON BREEDING,** | ) | |
| | ) | |
| **JILL GREEN,** | ) | |
| | ) | |
| **CHRISTOPHER MORRIS,** | ) | |
| | ) | |
| **LAURIE MCCRACKEN,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **LORSTAN ALLEN** | ) | |
| | ) | |
| **Defendants.** | ) | |

1

**PLAINTIFFS JANE DOES 3, 4, AND 5'S MEMORANDUM IN SUPPORT
OF MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM**

COME NOW Plaintiffs Jane Does 3, 4, and 5, by and through counsel, and hereby submit

this Memorandum in Support of their Motion for Leave to Proceed Under a Pseudonym. These

Plaintiffs respectfully request that this Court enter an Order allowing them to proceed under the

pseudonyms of Jane Doe 3, Jane Doe 4, and Jane Doe 5. These Plaintiffs seek this relief to

prevent disclosure of their identities as the victims of sexual grooming, harassment, abuse, and

assaults, which would cause them irreparable harm. In support of their request, these Plaintiffs

state as follows:

**INTRODUCTION**

These Plaintiffs, Jane Does 3, 4, and 5, bring this action to redress the Defendants'

deprivation of their rights under Title IX, 29 U.S.C. § 1681(a), and the Civil Rights Act of 1964,

42 U.S.C. § 1983. These Plaintiffs also bring claims under state law for gross negligence, assault

and battery, and intentional infliction of emotional distress. Pursuant to Federal Rule of Civil

Procedure 20(a), Jane Does 3, 4, and 5 have joined their action with Jane Does 1 and 2. These

claims are premised on the sexual harassment, grooming, abuse, and assaults which these

Plaintiffs endured while they were students at Northside High School. Defendant Lorstan Allen,

an employee of Northside High School, cultivated connections with female students, including

these Plaintiffs, which were designed to groom them for sexual abuse. Defendants Roanoke

County School Board and other individual defendants ("School Administrators") were aware of

Defendant Allen's actions, yet failed to stop and prevent his sexual harassment, grooming, abuse,

assault and battery of female students at Northside High School, including these Plaintiffs.

## ARGUMENT

**I.    This Court Should Exercise its Discretion to Allow These Plaintiffs to Proceed under a Pseudonym.**

In *James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993), the United States Court of Appeals

for the Fourth Circuit outlined the following five factors for a District Court to consider when

deciding whether to exercise its discretion to allow a plaintiff to proceed using a pseudonym:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> (3) the ages of the persons whose privacy interests are sought to be protected;
>
> (4) whether the action is against a governmental or private party; and
>
> (5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at 238. These factors are not exhaustive; rather, the court must "carefully review all the

circumstances of a given case and then decide whether the customary practice of disclosing the

plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe v. Pittsylvania County*,

844 F.Supp.2d 724, 729 (W.D. Va. 2012) (citations omitted).

As discussed in more detail below, the *James v. Jacobsen* factors weigh in favor of

granting these Plaintiffs' request to proceed under a pseudonym and outweigh the presumption in

favor of open judicial proceedings.

A.    *These Plaintiffs' Request is to Preserve Their Privacy in a Matter of a Sensitive and Highly Personal Nature*

As with Jane Does 1 and 2, these Plaintiffs, Jane Does 3, 4, and 5, have alleged that while they were minors and students at Northside High School in Roanoke County, they were sexually groomed, harassed, abused, and assaulted by their school's trusted boys' soccer coach and IT professional, Defendant Lorstan Allen, and that the Defendants Roanoke County School Board and School Administrators were aware of the sexual grooming, harassment, abuse and assault, but failed to intervene and protect these Plaintiffs and other female students from Allen's predatory behaviors. Allegations of sexual assault are the quintessential type of claims that warrant anonymity for victims. *See A.E. v. Nield*, 2017 U.S. Dist. LEXIS 42021 (S.D. W. Va. March 22, 2017). Thus, "courts generally allow a plaintiff to litigate [anonymously] in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects." *Id.* (*quoting Doe v. Cabrera,* 307 F.R.D. 1, 6 (D.D.C. 2014)). "This is because sexual assault victims are exposed to extraordinary invasion of their physical (and often mental) privacy when bringing a sexual assault claim." *Id.* (*quoting Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D. N.Y. 2006); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001)). Society also has a general interest in encouraging victims of sexual assault to report such assaults, and permitting victims to proceed anonymously likely removes a significant barrier. *Id.* (*citing Kolko*, *supra*, 242 F.R.D. at 196).

This Court has recognized that claims involving sexual grooming, harassment, abuse, and assault, particularly involving plaintiffs who were minors at the time of the predatory behaviors, are highly sensitive and personal, and have permitted such plaintiffs to proceed under a pseudonym. *See., e.g.*, *Doe v. Rockingham County School Board*, Case No. 5:21-cv-00051,

4

8/27/21 Order, ECF No. 29 (W.D. Va. August 27, 2021); *Doe v. Russell County School Board*,

Case No. 1:16-cv-00045, 12/12/16 Order, ECF No. 6 (W.D. Va. Dec. 12, 2016). The denial of

anonymity in sexual misconduct cases "could have the effect of chilling the reporting of sexual

misconduct . . . . Without a guarantee of privacy, some sexual misconduct victims may not report

at all." *Doe v. The Rector & Visitors of George Mason University*, 179 F. Supp. 3d 583, 592 n.

18 (E.D. Va. 2016).

These Plaintiffs, Jane Does 3, 4, and 5, were high school students when Defendant Allen

sexually groomed, harassed, and abused them. Allowing these Plaintiffs to proceed under a

pseudonym would protect the privacy of these Plaintiffs, who were minors at the time of the

predatory behaviors, and permit them to heal and attempt to move forward. This factor weighs in

favor of these Plaintiffs' Motion for Leave to Proceed under a Pseudonym.

      B.      *Identification Poses a Risk of Retaliatory Physical and/or Mental Harm to these Plaintiffs*

Public identification of these Plaintiffs poses a risk of retaliatory harm to them. These

Plaintiffs, who have suffered sexual grooming, harassment, abuse, and assault, may experience

additional mental harm by being re-victimized, or be at increased risk for retaliatory physical or

mental harm, if their legal names appear on a public docket disclosing the details of their

encounters with Defendant Allen. *See Painter v. Doe*, 2016 U.S. Dist. LEXIS 91003 (W.D. N.C.

July 13, 2016); *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016). The pseudonym option is of

particular importance today given the increase in public access to court docket sheets via

electronic means. *Patient v. Corbin*, 37 F. Supp.2d 433, 434 (E.D. Va. 1998). Accusations of

sexual misconduct inspire passionate responses and can have severe ramifications. *See, e.g.*, *Doe*

*v. The Rector and Visitors of George Mason U.,* 179 F. Supp. 3d 583 (E.D. Va. 2016).

These Plaintiffs, as well as Jane Does 1 and 2, have suffered extraordinary harm during their high school careers due to the actions of Defendant Lorstan Allen, and the failures on the part of Defendants Roanoke County School Board and School Administrators to address those actions. These Plaintiffs continue to suffer severe emotional effects of the abuse and conduct. Given the nature of the allegations by these Plaintiffs, as set forth in the First Amended Complaint, public identification would exacerbate their current injuries. This factor weighs in favor of granting these Plaintiffs' Motion for Leave to Proceed Under a Pseudonym.

C.      *These Plaintiffs Were High School Students at the Time of the Sexual Misconduct*

These Plaintiffs, like Jane Does 1 and 2, were high school students, under 18 years of age, at the times they were subjected to sexual grooming, harassment, abuse and assault by Defendant Allen, making them particularly vulnerable victims. They were adolescents at the time of the sexual misconduct, and although they are over 18 years old now, they are nevertheless quite young and vulnerable. *See, e.g., Yacovelli v. Moser*, 2004 U.S. Dist. LEXIS 9152 (M.D.N.C. May 20, 2004) (noting that college students may still possess the immaturity of adolescence); *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016) (holding that this factor weighed in favor of anonymity as the students involved in the disciplinary process were all freshmen college students between the ages of 18 and 19). This factor also weighs in favor of allowing these Plaintiffs to proceed under a pseudonym.

D.      *These Plaintiffs Bring Their Claims Against a Governmental Entity*

These Plaintiffs, Jane Does 3, 4, and 5, as well as Jane Does 1 and 2, bring these claims against a governmental entity, the Roanoke County School Board, and also against Defendants who at the time of these actions were employees of a governmental entity. "Use of pseudonyms

6

is more likely to be appropriate in cases challenging government activity because there is both 'arguably a public interest in a vindication of … rights' and a risk of stigmatization of the plaintiff, who often represents a minority interest." *Doe v. Virginia Polytechnic Institute and State Univ.*, 2018 U.S. Dist. LEXIS 192930 (W.D. Va. Nov. 13, 2018) (quoting *Int'l Refugee Assistance Project v. Trump*, 2017 U.S. Dist. LEXIS 29058 (D. Md. Mar. 1, 2017) and *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D. N.Y. 2003)).

An action against a private party can result in damage to the defendant's reputation as well as economic harm in ways that do not raise similar concerns in civil actions against public entities and their employees. *See Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 810 (ED. Va. 2012); *Doe v. Pittsylvania County,* 844 F. Supp. 2d 724, 730 (W.D. Va. 2012) (finding that when a plaintiff challenges governments, courts are more likely to allow him or her to proceed under a pseudonym than in cases involving private parties, since actions against private individuals may harm their reputations). Additionally, the public may claim a greater interest because Defendant Roanoke County School Board is an institution of the Commonwealth, and "the use of a pseudonym is an appropriately tailored means of protecting [a plaintiff's interests] without unduly restricting public access to the litigation materials." *The Rector and Visitors of George Mason Univ.*, 179 F. Supp. 3d 583 (E.D. Va. 2016). The use of pseudonyms strikes an appropriate balance between ensuring that the public has access to the record while also protecting the plaintiff from any harm that might ensue from association with accusations involving sexual misconduct. *Id.* These Plaintiffs' compelling interest in using a pseudonym outweighs any interest that the public might have in obtaining access to their identities, and thus, this factor weighs in favor of allowing these Plaintiffs to proceed under a pseudonym.

      *E.      There Is No Risk of Unfairness to Defendants in Allowing These Plaintiffs to Proceed under a Pseudonym*

No unfairness or prejudice would result to any of the Defendants by allowing these Plaintiffs to proceed under a pseudonym. Defendants are already aware of these Plaintiffs' identities and would not suffer any prejudice to their ability to defend themselves. Defendants are not prohibited from engaging in appropriate discovery. The issues in front of this Court do not depend on public knowledge of these Plaintiffs' identities. *See Doe v Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004). This factor weighs in favor of allowing these Plaintiffs to proceed under a pseudonym.

## CONCLUSION

WHEREFORE, these Plaintiffs respectfully request that the Court grant this Motion and allow them to proceed under the pseudonyms of Jane Doe 3, Jane Doe 4, and Jane Doe 5.

                Respectfully submitted,

                JANE DOE 3, JANE DOE 4, AND JANE DOE 5

                By:    /s/ Carrol M. Ching
                         Of Counsel

John P. Fishwick, Jr. (VSB #23285)
John.Fishwick@fishwickandassociates.com
Carrol M. Ching (VSB # 68031)
Carrol.Ching@fishwickandassociates.com
Daniel J. Martin (VSB #92387)
Daniel.Martin@fishwickandassociates.com
Fishwick & Associates PLC
30 Franklin Road SW, Suite 700
Roanoke, Virginia 24011
(540) 345-5890 Telephone
(540) 345-5789 Facsimile

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of June 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

 /s/ Carrol M. Ching
Carrol M. Ching (VSB #68031)
Carrol.Ching@fishwickandassociates.com
Fishwick & Associates PLC
30 Franklin Road SW, Suite 700
Roanoke, Virginia 24011